**In re BURKE MOUNTAIN RECREATION, INC.,**
Debtor.

**Bankruptcy No. 85–86.**

United States Bankruptcy Court,
D. Vermont.

Dec. 10, 1985.

David E. Drew, Lyndonville, Vt., for Gloria Chadwick.

Andrew R. Field, Montpelier, Vt., for Vermont Development Credit Corp.

Charles D. Hickey, St. Johnsbury, Vt., for debtor.

James Jeka, Montpelier, Vt., for Small Business Admin.

Mary Kehoe, Montpelier, Vt., for Unsecured Creditor's Committee.

FINDINGS AND ORDER

FRANCIS G. CONRAD, Bankruptcy Judge.

This matter came before the Court on debtor's motion for authority to sell real estate free of secured interest or in the alternative to incur indebtedness to be allowed as an administrative expense. Objections were filed. Hearings were held on November 13, 1985 and then continued to November 27, 1985. Secured creditor VDCC is granted adequate protection and the debtor's motion to sell the real estate free of secured interest is granted.

The debtor, Burke Mountain Recreation, Inc., filed a Chapter 11 petition on April 30, 1985 Debtor's principal source of income has been from the operation of a ski area in Northeastern Vermont. According to financial data submitted with the motion, present and future revenue from operating the ski area accounts for 44.4% of debtor's revenue. Debtor forcasts substantial additional revenue during late December, 1985, January, February, and March, 1986.

At hearing, debtor's manager substantiated the need to raise working capital in order to ensure operation of the debtor until it reopens for the coming winter. This testimony was uncontradicted.

The direct testimony and cross-examination focused on the lot debtor proposes to sell free and clear of secured interests. This lot, called 1A, is comprised of 10.0 acres more or less and adjoins another lot called 2A. Lot 2A, rectangular in shape, is comprised of some 16 acres more or less, and may adjoin a future golf course. Lot 1A can not support a normal sub-surface waste disposal system. Debtor proposes to run a sewer line some 800–900 feet into lot 2A to satisfy state mandated sub-surface waste regulation. VDCC contends this sewer line cuts through the "fillet" of parcel 2A, but offered no evidence to support its description of the parcel. In fact, debtor's manager disagreed with VDCC's characterization of the sewer line on lot 2A. Debtor's manager testified to an estimated cost of a "mound" system on lot 1A, but could not testify about the feasibility of such a mound system, nor could he say how much the cost would be to install 800–900 feet of sewer line on lot 2A. He did say that debtor would not be required to pay the cost of a sub-surface waste disposal system, which would be paid for by the purchaser of lot 1A. On cross-examination, debtor testified, with hesitation, that the sewer line would not decrease the value of 2A, the servile parcel. We do not decide that issue here. Rather, we believe that before 1A is sold free of any secured interests, debtor must conduct an engineering feasibility study of a "mound" system on lot 1A. If a mound system is feasible, then a cost-study comparing the cost of a "mound" system on lot 1A to the cost of an 800–900 foot sewer line on lot 2A should be prepared. If the cost of a mound system is less expensive than a sewer line, then rather than installing an 800–900 foot sewer line on adjoining parcel, a mound system should be constructed.

■ VDCC was not required to and presented no evidence on the issue of adequate protection [11 USC Section 363(b)(1)], but chose instead to rely on its written motion in opposition to debtor's motion to sell real estate. VDCC also moved to have the automatic stay lifted pursuant to 11 USC Section 362 but withdrew this motion for separate consideration at another time. Thus, we must decide if the proposed sale is proper and if VDCC is adequately protected as regards parcel 1A. We hold that the sale is proper if VDCC receives adequate protection for the property to be sold. We rely upon *In re Lionel Corporation,* 722 F.2d 1063 (2d Cir.1983); 9 C.B.C.2d 941, which listed some of the relevant factors the Court should consider when reviewing a sale under 11 USC 363(b)(1). Compare *In re Baldwin United Corp.,* 43 B.R. 888 (Bkrtcy.S.D.Ohio 1984) (Lionel criteria applied; 40% of assets sold). These factors are:

1) the proportional value of the asset to the estate as a whole;

2) the elapse of time since filing;

3) the likelihood that a plan of reorganization will be proposed and confirmed in the near future;

4) the effect of the proposed disposition on future plans of reorganization;

5) the proceeds to be obtained from the disposition VIS–A–VIS any appraisals on the property;

6) which of the alternatives of use sale, or lease the proposal, envisions;

7) whether the asset is increasing or decreasing in value [at 107].

■ The value of the parcel, $20,000.00, is not significant when compared to the estimated value of debtor's estate, $3,500,-000.00. Seven months have elapsed since the filing, not a long time for a Chapter 11 proceeding. Debtor has filed a Disclosure Statement and submitted a development plan. The sale will provide working capital the debtor needs to open for the winter ski season. It will have the effect of maintaining a going concern for possible future sale. The sales price is reasonable in light of previous sales and consistent with the proposed development plan. We need not

decide now if the asset is increasing or decreasing in value because we have sufficient evidence to approve the sale.

■ The sole remaining issue is that of adequate protection for creditor VDCC. Debtor has asked and received this Court's approval to sell some of its secured property. Previous parcels have received approval for sale by this Court. Debtor's present motion offered nothing to the secured creditors. In Court, and in chambers, debtor offered to pay adequate protection to VDCC. In chambers, counsel for VDCC rejected debtor's offer of adequate protection. We find this rejection somewhat perplexing when we read VDCC's motion. There, VDCC constantly reminds the Court that adequate protection must be "completely compensatory". What more adequate protection can VDCC receive than a cash payment at a date certain. See *In re George Ruggiere Chrysler—Plymouth*, 727 F.2d 1017 (11th Cir.1984) (secured creditor adequately protected by cash payment equal to the value of collateral sold by debtor). Debtor's offer certainly complies with the clear language of 11 USC Section 361, which states in part:

> adequate protection may be provided by—
> 1) requiring the trustee to make a cash payment ... to the extent that ... use sale or lease under Section 363 of this title ... results in a decrease in the value of such entity's interest in such property.

Here there is no need to require the trustee to make a cash payment. The trustee, here the debtor in possession, has offered more than the cash sales price of the collateral to placate an anxious creditor, VDCC.

We think the offer too generous considering the security position of the creditor. We find that a cash payment equal to the sales price of the parcel to be made to creditor VDCC on February 3, 1986 to be adequate protection under 11 USC Section 361. Finally, Based upon stipulations in open court, any adequate protection to be received by VDCC must be applied to the most senior loan of VDCC.

Accordingly,

It is ORDERED that:

1) Debtor is to have performed a feasibility study on a mound system for parcel 1A; and

2) If a mound system is found to be feasible, a comparative cost study of the cost of a mound system and a 800–900 foot sewer pipe is to be prepared; and

3) Copies of the reports in paragraph 2) are to be provided to VDCC; and

4) Debtor is authorized to sell parcel 1A subject to the conditions herein; and

5) Debtor is to pay VDCC on February 3, 1986 a sum equal to the sales price obtained for lot 1A.